UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JEREMY ESTEP,<br><br>　　　　　　　　Plaintiff,<br>　v.<br>ELKO COUNTY SHERIFF, *et al.*,<br>　　　　　　　　Defendants. | Case No. 3:20-cv-00635-GMN-WGC<br><br>ORDER |

Plaintiff, who currently is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has filed an amended[1] civil rights complaint pursuant to 42 U.S.C. § 1983, and has filed an application to proceed *in forma pauperis*. (ECF Nos. 4, 7). The matter of the filing fee will be temporarily deferred. The Court now screens Plaintiff's First Amended Complaint under 28 U.S.C. § 1915A.

**I.　SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United

---

[1] An amended complaint replaces an earlier complaint. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). Therefore, the operative complaint here is the First Amended Complaint (ECF No. 7).

States; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *See id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.   SCREENING OF FIRST AMENDED COMPLAINT

In the First Amended Complaint ("FAC"), Plaintiff sues a deputy who he refers to as both Deputy John Doe and Leahy. (*Id.* at 1, 2, 7). A defendant who is named cannot also be a John Doe defendant. Therefore, the Court considers this defendant to be Deputy Leahy. Plaintiff also sues an unnamed Elko County Sheriff. (ECF No. 7 at 2). Plaintiff brings three claims and seeks monetary damages. (*Id.* at 7, 10).

### A.   Claim 1

Claim 1 alleges the following: Plaintiff was arrested on November 16, 2018. (ECF No. 7 at 5). He was housed in a mental health center in the Elko County Jail on November 17, 2018. (*Id.*) He was housed while naked and with no possessions. (*Id.*) While Plaintiff was sleeping, he heard his cell door open, and Deputy Leahy came running in and immediately started hitting and kicking Plaintiff. (*Id.*) Deputy Leahy then tased Plaintiff.

(*Id.*) Plaintiff asserts that he was not a threat at any time. (*Id.*) Plaintiff concludes that the Elko County Sheriff and Deputy Leahy violated the Eighth Amendment because Plaintiff was housed naked with no possessions and was beaten. (*Id.*)

### 1. Excessive Force Claims

The Court notes that, when it screened the original complaint, it informed Plaintiff that it could not tell whether the Eighth Amendment applied to his allegations or the Fourteenth Amendment applied to his allegations, and the Court explained the types of circumstances under which each amendment applied. (ECF No. 5 at 4-6). The Court told Plaintiff that, in an amended complaint, he should allege facts sufficient to show whether he was a pre-trial detainee or already had been convicted at the time of the alleged events. (*Id.* at 6). In the FAC, Plaintiff does not state whether he was a pretrial detainee or already had been convicted. He asserts in the FAC that it is his Eighth Amendment rights that have been violated, but he alleges that he had been arrested the day before the alleged events. (ECF No. 7 at 5). Because Plaintiff alleges that he was arrested only the day before the alleged incidents, it appears that he was a pre-trial detainee. Therefore, the Court will apply the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1971) (holding that a pretrial detainee is protected from conditions constituting punishment under the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment's Cruel and Unusual Punishment Clause).

As the Court previously explained[2], in *Kingsley v. Hendrickson*, 135 S.Ct. 2466 (2015), the Supreme Court held that a pretrial detainee states a claim for excessive force under the Fourteenth Amendment if: (1) the defendant used the force purposely or knowingly, and (2) the force purposely or knowingly used against the pretrial detainee was objectively unreasonable. *Id.* at 2472-73. "Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force;

---

[2] ECF No. 5 at 4-5.

4

the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff actively was resisting. *Id.* at 2473. The Court further explained[3] that, because vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Thus, a defendant may not be held liable merely because a co-worker, employee, or subordinate violated the Constitution.

The Court finds that Plaintiff states a colorable Fourteenth Amendment excessive force claim against Defendant Leahy. According to the FAC, Defendant Leahy intentionally beat, kicked, and tased Plaintiff even though he merely had been sleeping. This is sufficient to state a colorable Fourteenth Amendment excessive force claim against Defendant Leahy, and the excessive for claim therefore may proceed against Leahy.

However, Plaintiff has not alleged any facts that would be sufficient to show that the Elko County Sheriff used any force against him. The Court therefore dismisses with prejudice the excessive force claim against the Elko County Sheriff, as amendment would be futile.

## 2. Conditions of Confinement

In the FAC, Plaintiff now alleges that Deputy Leahy and the Elko County Sheriff violated his Eighth Amendment rights because Plaintiff was naked with no "possessions." As discussed above, the Court is applying the Fourteenth Amendment, not the Eighth Amendment.

A pretrial detainee's claim against individual defendants based on the conditions of confinement is evaluated under the Fourteenth Amendment's Due Process Clause. *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018). Therefore, for a pre-trial detainee to state a colorable conditions of confinement claim, the plaintiff must allege facts sufficient to show:

---

[3] ECF No. 5 at 5-6.

(1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;

(2) Those conditions put the plaintiff at substantial risk of suffering serious harm;

(3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and

(4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc).

When considering the constitutionality of conditions of confinement, the court should analyze each condition to determine whether that specific condition is unconstitutional. *Cf. Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986). However, some conditions of confinement may establish a constitutional violation in combination when each would not do so alone, but only when they have a "mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise—for example, a low cell temperature at night combined with a failure to issue blankets." *Wilson v. Seiter*, 501 U.S. 294, 304 (1991). When considering the conditions of confinement, a court also should consider the amount of time to which the prisoner was subjected to the condition. *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005).

The Court finds that Plaintiff fails to state a colorable conditions of confinement claim against the Elko County Sheriff. Despite the Court's earlier screening order informing Plaintiff that he must allege facts sufficient to show that the Elko County Sheriff himself must violate Plaintiff's rights to be held liable for a constitutional violation, Plaintiff alleges no facts in this claim concerning the Elko County Sheriff. The Court therefore dismisses the claim against the Elko County Sheriff with prejudice, as amendment would be futile.

With regard to Defendant Leahy, the Court finds that Plaintiff fails to state a colorable conditions of confinement claim. As an initial matter, the Court cannot understand what Plaintiff means when he alleges that he had "no possession of any kind." The mere fact that Plaintiff may have had his possessions such as his keys and wallet, removed upon his arrest would not be sufficient to state a colorable conditions of confinement claim. Plaintiff does not allege facts sufficient to show that the cell was entirely empty, and the Court cannot tell from the allegations what the conditions were in the cell. Plaintiff does allege that he was naked. However, he does not allege how long he was naked or what the other related conditions were, such as the temperature in the cell or the presence of bedding. Plaintiff also does not allege how long he was placed in the conditions. Thus, Plaintiff does not allege facts sufficient to show that he was at substantial risk of suffering serious harm and does not allege facts sufficient to show what harm, if any, he suffered. In addition, although Claim 1 refers to Leahy coming into Plaintiff's cell and beating him, the FAC does not allege facts that would be sufficient to show that <u>Leahy</u> made any intentional decisions about the nature and duration of the conditions in Plaintiff's cell and that <u>Leahy</u> caused Plaintiff harm from those conditions.

The Court therefore dismisses without prejudice, and with leave to amend, the conditions of confinement claim against Leahy. If Plaintiff chooses to amend the conditions of confinement claim against Leahy, Plaintiff must clearly allege true facts sufficient to show the conditions in the cell and the duration that Plaintiff was subjected to those conditions. Those factual allegations must be sufficient to show a substantial risk of harm to Plaintiff. The allegations must also be sufficient to show that the particular defendant made intentional decisions to subject Plaintiff to the conditions that put Plaintiff at serious risk of suffering serious harm, that the particular defendant did not appreciate that risk even though a reasonable person would have appreciated that risk, that the particular defendant responded unreasonably, and that the particular defendant caused Plaintiff specified harm. Conclusory allegations will not be sufficient. If Plaintiff does not believe that he can establish a conditions of confinement claim against Leahy, then he

should not amend the complaint to allege a conditions of confinement claim against Leahy.

   **B.   Claim 2**

Claim 2 alleges the following: Plaintiff was injured by Deputy Leahy on November 17, 2018 and had blood coming out of his mouth. (ECF No. 7 at 6). Elko County Sergeant Oldham asked Plaintiff if he was hurt, and Plaintiff told Oldham that his jaw hurt and his arm was swollen. (*Id.*) Oldham told Plaintiff "you will be fine." (*Id.*) To this day, Plaintiff has problems with his jaw. (*Id.*) Every time he eats this brings him pain. (*Id.*) Plaintiff concludes that Oldham was deliberately indifferent, in violation of the Eighth Amendment, by not getting him treatment for his injuries. (*Id.*)

The Court notes that, in the original complaint, Claim 2 alleged that it was the Elko County Sheriff who asked Plaintiff if he was hurt and said that he would be fine. (ECF No. 1-1 at 5). In the FAC, Plaintiff now is alleging that it was a Sergeant Oldham, not the Elko County Sheriff, who did this. (ECF No. 7).

However, Plaintiff has not named Oldham as a defendant in this action. As the Court previously explained[4], a plaintiff may not hold a defendant vicariously liable for the constitutional violations committed by the defendant's subordinates or co-workers; a plaintiff must plead that the particular defendant, through his own actions, violated the Constitution. Count II does not allege any facts that would show a constitutional violation by Leahy or the Elko County Sheriff. Count II therefore necessarily does not state a colorable claim against any defendant. Accordingly, the Court dismisses <u>with prejudice</u> Claim 2 to the extent Plaintiff seeks to state a claim against Leahy or the Elko County Sheriff. Plaintiff may <u>not</u> pursue Claim 2 against either Leahy or the Elko County Sheriff.

Out of an abundance of caution, the Court will, however, give Plaintiff one last chance to amend this claim to state a claim against the proper defendant. If Plaintiff chooses to amend Claim 2 to state a claim against Sergeant Oldham, he <u>must</u> name Sergeant Oldham as a defendant. He also must allege <u>true facts</u> sufficient to show that

---

[4] ECF no. 5 at 5-6.

Oldham was deliberately indifferent to his serious medical needs, in violation of the Fourteenth Amendment.

It will not be enough for Plaintiff to allege that his jaw was injured by Leahy and that he still suffers pain in the jaw. A pretrial detainee's Fourteenth Amendment due process claim regarding medical care is evaluated under an objective deliberate indifference standard. *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018). The elements of such a claim are: "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries. *Id.* at 1125. "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.'" *Id.* (quoting *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016)). A plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* The mere lack of due care is insufficient. *Id.* Thus, if Plaintiff chooses to amend the complaint to include Oldham as a defendant and state a claim against him, Plaintiff must allege <u>true facts</u> that would be sufficient to establish these elements against Oldham. Conclusory allegations will not be sufficient. If Plaintiff does not believe that he can establish a claim against Oldham, then he should not amend Claim 2.

**C.     Claim 3**

In Claim 3 of the FAC, Plaintiff asserts that he was denied access to the courts by sheriff's deputies or the sheriff himself denying him grievance forms to be able to exhaust his remedies concerning matters such as the incident with Deputy Leahy. (ECF No. 7 at 7).

Plaintiff's allegations in Claim 3 of the FAC essentially are the same as his allegations in Claim 3 of his original complaint. As the Court told Plaintiff when it screened his original complaint[5], to establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury, a jurisdictional requirement that flows from the standing doctrine and may not be waived. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). An "actual injury" is "actual prejudice <u>in court</u>. *Lewis*, 518 U.S. at 348. Plaintiff did not allege any such injury in his original complaint and does not allege any such injury in the FAC. He does not allege that the failure to obtain grievance forms resulted in a court dismissing any claim in any case. In fact, he is bringing claims in this action and none of them have been dismissed for failure to exhaust claims. The Court therefore dismisses the access to the courts claim with prejudice, as amendment would be futile.

### D. Leave to Amend

Plaintiff is granted leave to file a second amended complaint to cure the deficiencies of the conditions of confinement claim against Deputy Leahy and to add Sergeant Oldham as a defendant and amend Claim 2 to state a colorable Fourteenth Amendment claim against Sergeant Oldham for deliberate indifference to serious medical needs. If Plaintiff chooses to file a second amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the second amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). If Plaintiff files a second amended complaint, he may not include any of the claims that the Court has dismissed with prejudice.

---

[5] ECF No. 5 at 9.

If Plaintiff files a second amended complaint, he should file it on this Court's approved prisoner civil rights form, and it must be entitled "Second Amended Complaint." For each cause of action and each Defendant, he must allege <u>true facts</u> sufficient to show that the particular Defendant violated Plaintiff's civil rights. Plaintiff may not amend the complaint to add unrelated claims against other defendants. Furthermore, an amended complaint does not include new claims based on events that have taken place since the original complaint was filed.

The Court notes that, if Plaintiff chooses to file a second amended complaint curing the deficiencies, as outlined in this order, Plaintiff must file the second amended complaint within 30 days from the date of entry of this order. If Plaintiff does not timely file an amended complaint curing the stated deficiencies, this action will proceed immediately against Defendant Leahy on the Fourteenth Amendment excessive force claim only.

### III. CONCLUSION

It is therefore ordered that a decision on Plaintiff's application to proceed *in forma pauperis* (ECF No. 4) is deferred.

It is further ordered that the operative complaint is the First Amended Complaint (ECF No. 7), and the Clerk of the Court will send Plaintiff a courtesy copy of the First Amended Complaint.

It is further ordered that the Fourteenth Amendment excessive force claim against Defendant Leahy may proceed.

It is further ordered that the Fourteenth Amendment conditions of confinement claim against Defendant Leahy is dismissed without prejudice, and with leave to amend.

It is further ordered that any cause of action against Defendant Leahy in Claim 2 is dismissed with prejudice, as amendment would be futile. Plaintiff may not pursue this claim.

It is further ordered that Claim 3 is dismissed with prejudice, as amendment would be futile. Plaintiff may not pursue Claim 3.

It is further ordered that all of the claims against the Elko County Sheriff are dismissed with prejudice, as amendment would be futile. Plaintiff may not pursue these claims.

It is further ordered that Plaintiff has leave to amend the FAC to add Sergeant Oldham as a defendant and amend Claim 2 to allege true facts sufficient to state a colorable Fourteenth Amendment claim against Sergeant Oldham for deliberate indifference to serious medical needs.

It is further ordered that, if Plaintiff chooses to file a second amended complaint, Plaintiff shall file the second amended complaint within 30 days from the date of entry of this order.

It is further ordered that the Clerk of the Court shall send to Plaintiff the approved form for filing a § 1983 complaint and instructions for the same. If Plaintiff chooses to file a second amended complaint, he should use the approved form and he must write the words "Second Amended" above the words "Civil Rights Complaint" in the caption.

It is further ordered that, if Plaintiff chooses to file a second amended complaint, the Court will screen the second amended complaint in a separate screening order. The screening process may take many months.

It is further ordered that, if Plaintiff does not file a timely second amended complaint, this action shall proceed immediately against Defendant Leahy on the Fourteenth Amendment excessive force claim only.

DATED THIS  14  day of  July  2021.

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE